Mr. Justice Clayton
delivered the opinion of the court.
This was a bill filed to enjoin a judgment at law, upon the ground of fraud in the original agreement. The defendant, Endicott, filed an answer, in which he denied the fraud, but he interposed no objection, by plea or otherwise, to the jurisdiction of the court. His counsel in this court rely on the judgment as a bar to the relief prayed in the bill, because the matter should, have been set up as a defence in the court of law. If this position had been taken in the court of chancery, either by plea or demurrer, the bill would have to be dismissed. But the same result does not follow where no exception is taken to the jurisdiction. The rule is thus laid down in a late case: “ If the defence were of such a character, that a court of equity would have had original jurisdiction, concurrently with a court of law, the neglect of a party to avail himself of his defence at law, will not oust the jurisdiction of chancery, if the defendant answer over to the merits and neglect to demur.” Rice v. Railroad Bank, 7 Humph. 42. Of course, if the jurisdiction belonged exclusively to a court of law, a court of equity could have nothing to do with it.
In the present case, fraud would have given either court jurisdiction, before the other exercised it. As the party wholly *156 omitted to make the objection in the court below, and as it was one which he was at liberty to waive, it ought not to be entertained by this court. In the numerous cases in which we have held, that the judgment precluded relief in equity, the objection was made to its exercise by the pleadings in some way.
The question as to relief then, arises upon the facts. The defendant, Endicott, had purchased, at execution sale, a tract of land belonging to James and John H. Cocke, who were largely indebted at the time to various persons. The complainant was the agent of some of these creditors, and entered into the contract with Endicott for the land, with the view of saving their debt. It is alleged in the bill, that Endicott had previously sold the land to another person.
In his answer Endicott gives this version of the transaction. He states that after his purchase under execution, aud on the same day, he made a verbal agreement with Millikin, who ■represented other creditors of the defendants in the execution, for the sale of the land to him, upon condition that he would permit other creditors to redeem from him, upon payment of the claims he might hold. That Millikin afterwards claimed the land absolutely and unconditionally, in consequence of which he considered himself wholly discharged from his agreement, and sold to the complainant. He also states, that the deed made by the sheriff to Greer was without his consent and authority, and did not convey his title; and he relies on the statute of frauds to avoid it.
The evidence of Millikin and of Collins directly contradict this answer. They prove, that on the day of sale Endicott sold the land to Millikin for #400; that Millikin borrowed the money from Greer to pay for it; that the money was paid to and received by Endicott, and therefore the sheriff in his presence and by his direction made the deed ; Millikin also directing the deed to be'made to Greer as a security for the money borrowed.
The title bond of Endicott to Penny, states that he had bargained and sold to him all his right, title, and claim to the land described, “it being all the right, title, claim, and interest of James and John H. Cocke in and to said land.” Now it is very *157 obvious that he did not sell to the complainant, all the right and interest of the Cockes, if the conveyance to Greer be not utterly void by the statute of frauds, because if that conveyance be valid, ho had previously divested himself of all interest in favor of Millikin. The fraud practised on the complainant, consists in the misrepresentation in regard to the conveyance to Greer, and in the concealment of the fact, that it had been made in his presence and by his sanction.
A sheriff’s sale is not within the statute of frauds. He is the agent of both parties, and his memorandum is sufficient to take the case out of it. Hand et al. v. Grant, 5 S. & M. 512. In other words, he is the mere instrument of the law, to transfer the title of the defendant in execution to the purchaser. Matthews v. Clifton, 13 S. & M. 336.
In this instance Endicott had no title in writing, at the time of the sale to Millikin, nor does he appear to have had any at any subsequent time. The sheriff had made no deed. The whole matter was incomplete and in progress of consummation. It only became perfect by the payment of the money, and by the sheriff’s return and deed. Whilst it was thus in the process of accomplishment, one purchaser was substituted for another by the consent of the only persons interested. The arrangement was completed, the money paid, and the deed made by the direction and with the sanction and co-operation of Endicott. These were sufficient authority for the action of the sheriff, and the act in effect was the act of Endicott. We do not see, therefore, that the case is at all affected by the statute of frauds. Penny got nothing by his purchase. Endicott did not transfer that which he contracted to do, namely, the interest of James and John H. Cocke. The disclosure which he made to Penny was not such as good faith required. Indeed he misrepresented the facts. These acts make the transaction fraudulent, and give the complainant a right to the relief which is sought.
The decree is affirmed.